Mark O. Van Wagoner (3313)
2455 E. Parleys Way, Suite 200
Salt Lake City, Utah 84109
Telephone: (801) 328-2200
movw@comcast.net

D. Craig Parry (7274)
Chaunceton Bird (16402)
Daniel Nelson (19030)
Parr Brown Gee & Loveless
101 South 200 East, Ste 700
Salt Lake City, UT 84111
Telephone: (801) 532-7840
cparry@parrbrown.com
dnelson@parrbrown.com
cbird@parrbrown.com

*Attorneys for Utah High School Activities UHSAA*

# UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| ZACHARY SZYMAKOWSKI, an individual, on behalf of himself and a proposed class of similarly situated F-1 students,<br><br>        Plaintiffs,<br><br>vs.<br><br>UTAH HIGH SCHOOL ACTIVITIES UHSAA, INC. a Utah nonprofit corporation; ROBERT CUFF, an individual; MARILYN RICHARDS, an individual; AMBER SHILL, an individual; BURKE STAHELI, an individual; DAVID WARREN, an individual; DAVID LUND, an individual; ZACK MCKEE, an individual; PAUL SWEAT, an individual; LUKE RASMUSSEN, an individual; JERRE HOLMES, an individual; JASON SMITH, an individual; MIKE MEES, an individual; DEVIN SMITH, an individual, BRYAN DURST, an individual; PATRICK LAMBERT, an individual; and BRENT STRATE, an individual.<br><br>        Defendants. | **UHSAA ANSWER TO COMPLAINT**<br><br>Case No. 2:24-cv-00751<br><br>Judge Robert J. Shelby<br>Magistrate Judge Cecila M. Romero |

Defendant Utah High School Activities Association ("UHSAA") hereby answers the Complaint filed by Plaintiff. UHSAA responds to the individually numbered paragraphs of the Complaint as follows:

1. Admits that is what is alleged by Plaintiff but denies any wrongdoing.

2. Denies for lack of information.

3. Denies.

4. Admits that is what is alleged by Plaintiff but denies any wrongdoing.

5. Admits that is what is alleged by Plaintiff but denies any wrongdoing.

6. Denies.

7. Denies for lack of information, except denies that the rule is unlawful or that the rule precludes Plaintiff from participating in official competitive play.

8. Admits, except deny that the UHSAA receives federal funds and affirmatively state that whether or not the UHSAA falls under the purview of GRAMA is a conclusion of law for which no response is required.

9. Admits.

10. Admits, except affirmatively alleges that the referenced document speaks for itself and denies any allegation inconsistent therewith.

11-23. Admits.

24. Admits that is what is alleged by Plaintiff but denies any wrongdoing.

25, 26. Admits that this court has jurisdiction and that venue is proper.

27. Admits that is what is alleged by Plaintiff but denies any wrongdoing.

28. Admits that is what is alleged by Plaintiff but deny that a class should be certified.

29. Deny.

30. Deny and specifically deny that Plaintiff is an adequate class representative.

31. Deny that joinder is impractical.

32. Plaintiff purports to state a conclusion of law to which no response is required; to the extent a response is required, denies.

33, 34. Admits that is what Plaintiff alleges but denies any wrongdoing.

35. Denies.

36. Admits that is what Plaintiff alleges but denies any wrongdoing.

37. Denies, except admits that persons in this country on F-1 visas have certain restrictions on the time they spend in this country.

38. Denies.

39. Admits that is what Plaintiff alleges but denies any wrongdoing.

40. Denies.

41. Denies.

42. Denies for lack of information, except denies that he is precluded from playing varsity sports because of a UHSAA rule.

43-45. Admits that is what Plaintiff alleges but denies any wrongdoing.

46. Denies.

47. Denies for lack of information.

48. Denies for lack of information.

49. Denies for lack of information.

50. Plaintiff purports to state a conclusion of law to which no response is required; to the extent a response is required, denies.

51-71. Denies for lack of information.

72-76. Admits

77. Deny, except admit that the UHSAA, through its 159 member schools and their representative governing board, promulgates rules that regulate interscholastic athletics and activities for its member schools and the over 100,000 students that participate.

78-80, 82, 83, 85, 86, 92, 97, 98. Affirmatively alleges that the referenced documents speak for themselves and denies any allegation inconsistent therewith.

81. Admits.

84. Denies.

87. Denies for lack of information except admit that the post-season state tournament ends with a state championship.

88-90, 94, 99. Denies, and affirmatively alleges that the referenced rule speaks for itself and denies any allegation inconsistent therewith.

91. Denies.

93. Denies for lack of information.

95. Denies.

96. Denies for lack of information and for vagueness as to the meaning of "members of Zac's community."

100. Denies for lack of information, except denies that Plaintiff is precluded from playing on the varsity football team solely because of his status as a foreign student.

102-107, 111-115, 120-122, 126-128. Denies, and specifically denies any wrongdoing by any defendant any or right to recovery by Plaintiff.

108, 110. Denies for lack of information.

109. Denies, except denies for lack of information whether Plaintiff would be playing on the varsity team.

117. Denies that the UHSAA receives federal financial assistance. Denies for lack of information the federal financial assistance that may or may not be received by member schools. The second sentence is a conclusion of law to which no response is required.

118. Denies, except admits that the UHSAA, through its 159 member schools and their representative governing board, promulgates rules that regulate interscholastic athletics and activities for its member schools and that member schools consent to abide by those rules, including the by-laws and constitution.

119, 124. Plaintiff purports to state a conclusion of law to which no response is required.

125. Denies for vagueness as to what is meant by "administered and controlled."

## PRAYER FOR RELIEF

UHSAA requests that the Complaint be dismissed with prejudice and on the merits and that UHSAA receive such relief as is just, including its costs and its attorneys' fees and other damages to the extent recoverable in law or in equity.

## SEPERATE DEFENSES

By alleging the defenses set forth below, UHSAA does not agree or concede that it bears the burden of proof or burden of persuasion on any other issues, whether in whole or in part. For its defenses to the Complaint, UHSAA alleges as follows:

### FIRST SEPERATE DEFENSE

Plaintiff's claims are barred, in whole or in part, for failure to state a claim upon which relief can be granted.

### SECOND SEPERATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of immunity.

5

### THIRD SEPERATE DEFENSE

UHSAA denies each and every allegation of the Complaint not expressly admitted.

### FOURTH SEPERATE DEFENSE

Plaintiff's claims are moot, and Plaintiff has no standing.

### FIFTH SEPERATE DEFENSE

Plaintiff failed to exhaust administrative remedies.

DATED: October 29, 2024.

PARR BROWN GEE & LOVELESS

/s/   D. Craig Parry
D. Craig Parry
*Attorneys for UHSAA*

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2024, I caused to be filed UHSAA ANSWER TO COMPLAINT electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

    David J. Jordan
    Wesley F. Harward
    Tanner B. Camp
    Tyler A. Dever
    Charles D. Morris
    FOLEY & LARDNER LLP
    95 South State Street, Suite 2500
    Salt Lake City, UT 84111
    djordan@foley.com
    wharward@foley.com
    tcamp@foley.com
    tdever@foley.com
    charlie.morris@foley.com

    *Attorneys for Plaintiff*

    Zachary E. Peterson
    zpeterson@gapclaw.com
    Heidi G. Goebel
    hgoebel@gapclaw.com
    GOEBEL ANDERSON PC
    405 S Main St., Suite 200
    Salt Lake City, UT 84111

    *Attorneys for Defendant Patrick Lambert*

    /s/ D. Craig Parry