D. Craig Parry (7274)
Chaunceton Bird (16402)
Daniel J. Nelson (19030)
**PARR BROWN GEE & LOVELESS, P.C.**
101 South 200 East, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 532-7840
Facsimile: (801) 532-7750
cparry@parrbrown.com
cbird@parrbrown.com
djnelson@parrbrown.com

Mark O. Van Wagoner (3313)
2455 E. Parleys Way, Suite 200
Salt Lake City, Utah 84109
Telephone: 801-328-2200
movw@comcast.net

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ZACHARY SZYMAKOWSKI, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>UTAH HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., a Utah nonprofit corporation; ROBERT CUFF, an individual; MARILYN RICHARDS, an individual; AMBER SHILL, an individual; BURKE STAHELI, an individual; DAVID WARREN, an individual; DAVID LUND, an individual; ZACK MCKEE, an individual; PAUL SWEAT, an individual; LUKE RASMUSSEN, an individual; HERRE HOLMES, an individual; JASON SMITH, an individual; MIKE MEES, an individual; DEVIN SMITH, an individual; BRYAN DURST, an individual; and BRENT STRATE, an individual,<br><br>        Defendants. | **MOTION TO DISMISS INDIVIDUAL DEFENDANTS**<br><br>Case No.: 2:24-cv-00751<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Cecilia M. Romero |

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, individually named Defendants Robert Cuff, Marilyn Richards, Amber Shill, Burke Staheli, David Warren, David Lund, Zack McKee, Paul Sweat, Luke Rasmussen, Jerre Holmes, Jason Smith, Mike Mees, Devin Smith, Bryan Durst, and Brent Strate (the "Individual Defendants") hereby move for an order dismissing all claims against the Individual Defendants with prejudice and on the merits. (Reference herein to "Defendants" includes all Individual Defendants as well as the Utah High School Activities Association (the "UHSAA").)

## RELIEF REQUESTED AND SUPPORTING GROUNDS

This Court should dismiss all Individual Defendants from this action. Plaintiff Zachary Szymakowski ("Plaintiff") bases his claims against the Individual Defendants on the UHSAA Board of Trustees' vote in favor of a rule adopted on May 1, 2024 (the "Rule). First, three Individual Defendants—Burke Staheli, Jason Smith, and Devin Smith (the "Non-Trustees")—were not even members of the Board of Trustees when the vote was taken. Second, Plaintiff has not alleged that the actions of any of the Individual Defendants caused his alleged harm. Third, the Individual Defendants have qualified immunity. For each of these reasons, Plaintiff has failed to state a claim upon which relief can be granted.

Additionally, because the Individual Defendants did not themselves enact the Rule, cannot themselves repeal the Rule, and do not enforce the Rule, a favorable ruling against the Individual Defendants cannot redress Plaintiff's alleged injury. As a result, Plaintiff lacks standing to maintain claims against Individual Defendants. For this separate and independent reason, Plaintiff's claims against Individual Defendants should be dismissed for lack of subject matter jurisdiction.

## BACKGROUND AND RELEVANT ALLEGED FACTS[1]

1. The UHSAA is a domestic nonprofit corporation consisting of 159 member schools that regulates interscholastic sports and activities in Utah. Compl. ¶ 8, ECF No. 1.

2. Around May 1, 2024, the UHSAA enacted *Interps & Guidelines 1.9.3(B)(1)*—the Rule Plaintiff challenges. Compl. ¶ 84–85.

3. The Rule limits the ability of students on F-1 visas to participate in varsity sports in Utah high schools. Compl. ¶ 85. The UHSAA has maintained that a major motivating factor behind enactment of the Rule was the protection of international students from exploitation. *See* Compl. ¶ 91 (alleging UHSAA's stated purpose is "pretextual[]").

4. Plaintiff is a foreign student legally in the State of Utah on an F-1 visa. Compl. ¶ 7.

5. He attends Juan Diego High School, where he plays on the varsity football team. Compl. ¶ 65. As a result of the Rule, Plaintiff was ineligible to play varsity football for much of the 2024 season. Compl. ¶¶ 84–100.

6. On October 7, 2024, Plaintiff sued the UHSAA and the Individual Defendants, seeking declaratory, injunctive, and monetary relief. Compl. ¶ 18–19.

7. Plaintiff alleges that on "May 1, 2024, the UHSAA Board of Trustees voted unanimously (with one abstention) to limit the participation of foreign students in high school athletics." Compl. ¶ 84.

8. Plaintiff alleges that the Rule operates as an unlawful discrimination against Plaintiff based on his national origin and alienage. Compl. ¶ 102. As such, Plaintiff alleges,

---

[1] Plaintiffs' allegations are taken as true for purposes of this Motion only and Defendants do not waive any denial of or objection to those facts by referencing them herein.

"Defendants intentionally discriminated against [Plaintiff] . . . by passing and implementing UHSAA's" Rule. Compl. ¶ 105.

9. Plaintiff also makes the conclusory allegation that, "Defendants acted under color of state law when they voted and passed" the Rule, and by "their continuing enforcement" of the Rule. ¶ 111.

10. When the UHSAA Board of Trustees voted to approve the Rule on May 1, 2024, and sent it to the member schools for validation, none of the Non-Trustees was a member of the Board of Trustees.[2]

11. Accordingly, none of the Non-Trustees voted on or contributed in any way to the approval of the Rule, nor are they responsible for the ratification, implementation, or enforcement thereof.

12. None of the Individual Defendants are responsible for the ratification, implementation, or enforcement of the Rule.

13. Plaintiff does not allege that the actions of the Individual Defendants caused his alleged harm.

14. Plaintiff does not allege that any exception to qualified immunity principles subjects the Individual Defendants to personal liability.

---

[2] *Compare*, Board of Trustees Meeting, UHSAA (May 1, 2024), chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://uhsaa.org/bot/BOT%20Minutes%205-1-24.pdf (Burke Staheli, Jason Smith, and Devin Smith are not included in the list of "[t]hose in attendance"), *with* Board of Trustees Meeting Summary, UHSAA (Aug. 22, 2024), chrome-extension://efaidnbmnnnibpcajpcglclefindmkaj/https://uhsaa.org/bot/BOT%20Meeting%20Summary%2008-22-24.pdf (in an August 2024 meeting of the UHSAA Board of Trustees, welcoming and introducing "four new members to the Board of Trustees: *Burke Staheli . . . , Jason Smith . . . , Devin Smith . . .* , and Patrick Lambert." (emphasis added).

## LEGAL STANDARDS

### *Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss pursuant to Rule 12(b)(6) calls on the Court to assess whether the complaint contains sufficient facts to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard demands pleading that raises "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *See id.* A claim "has facial plausibility if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1158 (10th Cir. 2021) (internal quotation marks omitted).

Threadbare recitals of a claim's elements, supported by conclusory statements, are insufficient to carry a plaintiff's burden. *See Iqbal*, 556 U.S. at 678. And "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *VDARE Found.*, 11 F.4th at 1159.

### *Federal Rule of Civil Procedure 12(b)(1)*

A motion to dismiss under Rule 12(b)(1)—for lack of subject-matter jurisdiction—can take the form of a facial attack or a factual attack. *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 872 (10th Cir. 2020). "In reviewing a *facial* attack . . . a district court must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (emphasis added), *abrogated in part on other grounds by Cent. Green Co. v. United States*, 531 U.S. 425 (2001). In contrast, "[w]hen reviewing a *factual* attack . . . a district court may not presume the truthfulness

of the complaint's factual allegations." *Id.* (emphasis added). Instead, the district court "has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts[.]" *Id.* "The court's exercise of such discretion does not convert a Rule 12(b)(1) motion into a summary judgment motion unless resolution of the jurisdictional question is intertwined with the merits." *Baker*, 979 F.3d at 872 (citation omitted).

A motion to dismiss for lack of standing is properly asserted under Federal Rule of Civil Procedure 12(b)(1) because standing implicates questions of subject matter jurisdiction. *Cf. Laufer v. Looper*, 22 F.4th 871, 875 (10th Cir. 2022) (reviewing an Article III standing case brought under a Rule 12(b)(1) motion).

Under Article III of the United States Constitution, federal judicial power is limited to cases and controversies. U.S. Const. art. III, § 2; *see also Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 559 (1992). A case or controversy exists only where the plaintiff has standing. *Protocols, LLC v. Leavitt*, 549 F.3d 1294, 1298 (10th Cir. 2008) (citations omitted). To establish standing, a plaintiff must show "(1) an injury in fact that is both concrete and particularized as well as actual or imminent; (2) a causal relationship between the injury and the challenged conduct; and (3) a likelihood that the injury would be redressed by a favorable decision." *Id.* (internal quotation marks omitted).

## **ARGUMENT**

### I. THE NON-TRUSTEES JOINED THE UHSAA BOARD OF TRUSTEES AFTER THE BOARD VOTED ON THE RULE AND ARE IMPROPERLY NAMED AS DEFENDANTS.

This Court should dismiss the Non-Trustees because the Complaint does not provide any allegation or basis for their inclusion in this lawsuit. Plaintiff bases his claims on "Defendants . . .

6

passing and implementing UHSAA's" Rule. *See* Compl. ¶ 105. But none of the Non-Trustees voted on the Rule. They had no role whatsoever in the debate, discussion, and approval of the Rule. The Rule was voted on and approved on May 1, 2024, and the Non-Trustees did not join the UHSAA Board of Trustees until August 2024. *See* Fact ¶¶ 10–11. Plaintiff's Complaint does not provide any allegation that could serve as grounds for including the Non-Trustees.

Plaintiff's claims against the Non-Trustees lack any facial plausibility because Plaintiff did not plead factual content that would allow the Court to draw the reasonable inference that the Non-Trustees are liable for the misconduct alleged. *See VDARE Found.* 11 F.4th at 1158 (reiterating the 12(b)(6) plausibility standard). The Court should therefore dismiss Burke Staheli, Jason Smith, and Devin Smith because Plaintiff has failed to state a claim against them under Rule 12(b)(6).

The Non-Trustees are entitled to their reasonable attorneys' fees incurred in moving for dismissal. Utah Code provides that courts may award reasonable attorneys' fees to a prevailing party on an issue if the action or defense "was without merit and not brought or asserted in good faith." Utah Code § 78B-5-825.

Assuming the naming of the Non-Trustees was merely a matter of Plaintiff not noticing when they joined the UHSAA Board of Trustees, counsel for Defendants raised this matter with counsel for Plaintiff on multiple occasions and requested that Plaintiff voluntarily dismiss the Non-Trustees. Despite now knowing that none of the Non-Trustees was a member of the Board when the Rule was approved by the Board and later adopted by the membership, Plaintiff has refused to dismiss them from this litigation and required them to incur legal fees in moving for dismissal.

Plaintiff's inclusion of the Non-Trustees is entirely without merit, and Plaintiff's subsequent refusal to dismiss them lacks any good faith basis. Defendants are thus entitled to their attorneys' fees under Utah Code Section 78B-5-825.

## II. PLAINTIFF HAS NOT ALLEGED THAT THE ACTIONS OF THE INDIVIDUAL DEFENDANTS CAUSED HIS ALLEGED HARM.

Plaintiff does not allege that the Individual Defendants' actions *caused* the Rule to take effect. Rather, he asserts that the Board sets and implements UHSAA policies, and that the Board "voted unanimously (with one abstention) to limit the participation of foreign students in high school athletics," Compl. ¶¶ 80 & 84. Later, he makes the conclusory allegation that "Defendants intentionally discriminated against [him and the proposed class] by passing and implementing" the Rule. Compl. ¶ 105. But the Complaint leaves the Court to guess as to which of the Defendants was ultimately responsible for enactment of the Rule. The Court is also left in the dark as to whether UHSAA *policies* are equivalent to UHSAA *rules*. Indeed, Plaintiff did not allege a specific action by an Individual Defendant that resulted in the promulgation of the Rule. Without these necessary logical bridges connecting Plaintiff's allegations to the Individual Defendants, his claims against the Individual Defendants fall short of the "line between possibility and plausibility of entitlement to relief." *VDARE Found.*, 11 F.4th at 1159.

## III. THE INDIVIDUAL DEFENDANTS ARE IMMUNE FROM LIABILITY PURSUANT TO THE DOCTRINE OF QUALIFIED IMMUNITY.

The Individual Defendants are immune from suit pursuant to the doctrine of qualified immunity, which "protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Callahan v. Unified Gov't of Wyandotte Cnty.*, 806 F.3d 1022, 1026

(10th Cir. 2015) (internal quotation marks omitted). This protection applies to "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

"When qualified immunity is raised in a Fed. R. Civ. P. 12(b)(6) motion, the plaintiff must carry the burden of establishing that the defendant violated clearly established law." *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000). To do so, a plaintiff must "identify a clearly established statutory or constitutional right of which a reasonable person would have known, and then allege facts to show that the defendant's conduct violated that right." *Id.* "A right is clearly established for qualified immunity purposes if *every* reasonable official would have understood that what he is doing violates that right." *Crane v. Utah Dep't of Corr.*, 15 F.4th 1296, 1303 (10th Cir. 2021) (internal quotation marks omitted) (emphasis added). "Generally, this means that there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Encinias v. New Mexico Corr. Dep't*, 2024 WL 4380477 at *4 (10th Cir. Oct. 3, 2024) (internal quotation marks omitted). The constitutional or statutory question at issue must be "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). The doctrine applies to claims for monetary relief from state actors in their individual capacities. *Meiners v. Univ. of Kansas*, 359 F.3d 1222, 1233 n.3 (10th Cir. 2004).

As state employees volunteering on the UHSAA Board of Trustees, the Individual Defendants are state actors. When they voted on the Rule they acted within the purview of their role as state actors. Thus, the Individual Defendants may properly assert qualified immunity. *See Callahan*, 806 F.3d at 1026.

9

Plaintiff claims that the UHSAA's Rule violates the right of students on F-1 visas to participate in varsity athletics on the same terms as all other students. Compl. ¶ 28. While the Court recently held that, in its view, there is a likelihood that the Rule violates equal protection based on heightened scrutiny, the Court expressly acknowledged the clear split in Circuit authority on the standard of review for this Rule, with neither the Tenth Circuit nor any court in this Circuit having addressed the issue. ECF No. 69, at 16–20. The Court also noted that the Supreme Court has not decided this issue. *Id.* at 17. Without any authority—controlling or otherwise—that puts the constitutionality of the Rule or the specific rights of F-1 students beyond debate, Plaintiff cannot reasonably claim that his asserted right was "clearly established," nor that the Individual Defendants should have understood that their actions violated that right. *Crane*, 15 F.4th at 1303. Importantly, Defendants' understanding is to be evaluated at the time they voted on the Rule, in May of 2024, not now, with benefit of the Court's ruling on the TRO.

On this subject, the Supreme Court has "repeatedly told courts not to define clearly established law at a high level of generality." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015). Said another way, Plaintiff cannot argue that equal protection rights are broadly established beyond debate. Rather, in a qualified immunity case, "[t]he dispositive question is whether the violative nature of *particular conduct* is clearly established." *Id.* (emphasis in original) (cleaned up). This means the Court's inquiry here is limited to whether the caselaw clearly recognizes the right of F-1 students to varsity athletics without restriction. It does not.

The doctrine of qualified immunity protects the Individual Defendants from liability because their voting on the Rule did not violate *clearly established* statutory or constitutional rights that a reasonable person would have known.

## IV. PLAINTIFF LACKS STANDING AGAINST INDIVIDUAL DEFENDANTS.

Defendants' 12(b)(1) challenge is a factual attack. Accordingly, the Court need not accept as true the allegations from Plaintiff's complaint, and it may appropriately consider the non-complaint materials referenced in this section.

Plaintiff's claims against the Individual Defendants are based on the following: (1) their participation as members of the UHSAA Board of Trustees in a vote that approved the Rule and (2) the Board's alleged role in the continued enforcement of the Rule. *See* Compl. ¶ 10 (asserting that the Board has "overall responsibility for the administration of the assets and actions of the [UHSAA]"); *id.* ¶ 80 (asserting that the Board sets and implements UHSAA policy); *id.* ¶ 81 (noting that the Board is made up of the Individual Defendants); *id.* ¶ 84 (stating that the Board voted unanimously in favor of the rule before its eventual passage). But the Individual Defendants' vote is not what harmed Plaintiff, and the Individual Defendants are not responsible for enforcement of the Rule. Plaintiff's claims against the Individual Defendants are therefore misplaced.

Regarding voting, under the UHSAA Constitution, the Individual Defendants cannot pass or repeal rules individually or even unanimously. Article 4, Section 2 of the UHSAA Constitution makes clear that a majority vote by the Board is only the first step toward the passage or amendment of a rule. UHSAA 2024–2025 Handbook, p. 20, attached as "Exhibit 20" to Defs.' Mem. in Opp'n [ECF No. 54-19] [hereinafter UHSAA Handbook]. After such a vote is recorded, the issue is presented for approval to the governing boards of *all member schools*. A given rule change will take effect *only if two-thirds of those governing boards vote in favor*. Such was the case here. The Board approved the Rule by a vote of 14-1. Declaration of Rob Cuff in Support of

11

Defs.' Mem. in Opp'n, ¶ 26 [ECF No. 55] [hereinafter Cuff Declaration]. But the Rule was of no force and effect until after it was approved and ratified by vote of the member schools, of which there were 156 in May 2024 when the ballots were sent. The Rule amended the UHSAA By-Laws and took effect *only after* it was approved by a 128-9 vote of the member schools, with 19 schools not returning ballots. *Id.* at ¶ 27. Plaintiff's claim that he was harmed by the Board's vote is incorrect: It was ratification by member schools that sent the Rule into effect.

Turning to enforcement, the UHSAA rules are enforced primarily by member schools, not the Board, and certainly not the Individual Defendants. *Id.* at ¶ 40 ("The UHSAA relies in large part on the self-reporting of violations by member schools . . . ."); UHSAA Handbook, p. 55 ("It shall be the duty of the principal, athletic director, coach or other person with any sanctioned activity to report to the principal . . . any infraction of the UHSAA Constitution, By-Laws, rules, policies, or regulations."). Plaintiff makes no allegation that the Individual Defendants enforced the Rule against him. This is because they did not. Juan Diego did.[3] **There is no allegation that any of the Individual Defendants took any action to enforce the Rule and prevent Plaintiff from playing varsity football.** Thus, to the extent Plaintiff is seeking damages from those responsible for enforcement of the Rule, his ire is properly directed toward Juan Diego—the UHSAA member school he attends.

This is significant because, as already noted, Article III standing "requires that the plaintiff demonstrate a substantial likelihood that the relief requested will redress [his] injury in fact." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1158 (10th Cir. 2005). Here, a favorable ruling against the

---

[3] As noted in Defendants' prior briefing, at the outset of the football season, Juan Diego elected not to play its F-1 students, like Plaintiff, at varsity. Mem. in Opp'n, p. 6 [ECF No. 53].

Individual Defendants will not stop enforcement of the rule. Only a ruling against the UHSAA and its member schools can do that. The facts of this case are similar to those in *Nova*. There, a healthcare organization filed suit seeking declaratory and injunctive relief from a newly enacted abortion law. As defendants in the suit, the healthcare organization named individual public officials whose duties included "overseeing certain state medical institutions." *Id.* at 1153. But the Tenth Circuit dismissed the organization's claims against those defendants because they were not the only individuals who could enforce the abortion law. *Id.* at 1158–59. Likewise, to the extent Individual Defendants have any capacity to interpret and apply the Rule, they are not the only, or even the primary parties responsible for doing so. Accordingly, a judgment against the Individual Defendants "would not be substantially likely to redress [Plaintiff's] injury in fact." *Id.* at 1159. He therefore lacks standing to bring his claims against the Individual Defendants and his claims should be dismissed pursuant to Rule 12(b)(1).

## **CONCLUSION**

The Non-Trustees must be dismissed because they did not participate in the complained-of conduct. All Individual Defendants must be dismissed because Plaintiff has not alleged facts that sufficiently connect the complained-of conduct to any of the Individual Defendants. Further, all Individual Defendants are immune from any liability under the doctrine of qualified immunity. Dismissal on those grounds is appropriate under Rule 12(b)(6). Moreover, because the Individual Defendants do not have the enforcement power with which Plaintiff imputes them, a favorable decision against the Individual Defendants would not redress Plaintiff's alleged injury. He therefore lacks standing and his claims should be dismissed under Rule 12(b)(1). Finally, the Non-Trustees request their reasonable attorneys' fees incurred in bringing their motion.

DATED: October 30, 2024

                                                                             **PARR BROWN GEE & LOVELESS**
D. Craig Parry
Chaunceton Bird
Daniel J. Nelson

Mark O. Van Wagoner

*Attorneys for Defendants*

14