IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| ZACHARY SZYMAKOWSKI, an individual; and JOHANNA URIBE, on behalf of FELIPE URIBE, a minor; on behalf of themselves and a proposed class of similarly situated F-1 students,<br><br>    Plaintiffs,<br><br>v.<br><br>UTAH HIGH SCHOOL ACTIVITIES ASSOCIATION, INC., a Utah nonprofit corporation; ROBERT CUFF, an individual; MARILYN RICHARDS, an individual; AMBER SHILL, an individual; BURKE STAHELI, an individual; DAVID WARREN, an individual; DAVID LUND, an individual; ZACK MCKEE, an individual; PAUL SWEAT, an individual; LUKE RASMUSSEN, an individual; JERRE HOLMES, an individual; JASON SMITH, an individual; MIKE MEES, an individual; DEVIN SMITH, an individual; BRYAN DURST, an individual; and BRENT STRATE, an individual,<br><br>    Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:24-cv-00751<br><br>Chief Judge Robert J. Shelby |

    Before the court are (1) Defendants' Motion to Stay Proceedings Pending Appeal,[1] (2) Defendants' Motion to Dismiss Individual Defendants,[2] (3) Plaintiffs' Motion for Class Certification,[3] and (4) Defendants' Motion for Extension of Time to Respond to Plaintiffs'

---

[1] Dkt. 127, *Motion to Stay Proceedings Pending Appeal* (*Motion to Stay*).

[2] Dkt. 102, *Defendants' Motion to Dismiss Individual Defendants* (*Motion to Dismiss*).

[3] Dkt. 122, *Plaintiffs' Motion for Class Certification*.

1

Motion for Class Certification.[4] For the following reasons, the court GRANTS IN PART Defendants' Motion to Stay, DENIES without prejudice Defendants' Motion to Dismiss and Plaintiffs' Motion for Class Certification, and DENIES as moot Defendants' Motion for Extension of Time.

## BACKGROUND

The court recited the facts in detail in its Memorandum Decision and Order entering a preliminary injunction.[5] As is relevant here, Szymakowski initiated this lawsuit on October 7, 2024, when he filed a proposed class action complaint asserting constitutional and statutory civil rights claims against Defendants.[6] Defendants filed a Motion to Dismiss on November 18, 2024.[7] On January 2, 2025, the court entered a preliminary injunction enjoining Defendants from enforcing a Utah High School Activities Association rule limiting F-1 visa holders' eligibility for varsity athletics.[8] Plaintiffs filed a Motion for Class Certification on January 21, 2025.[9] Defendants then filed a notice of interlocutory appeal of the preliminary injunction.[10] And on February 12, 2025, Defendants filed both a Motion to Stay and Motion for Extension of Time.[11] The Motion to Dismiss and the Motion to Stay are fully briefed and ripe for review.[12]

---

[4] Dkt. 128, *Defendants' Motion for Extension of Time to Respond to Plaintiffs' Motion for Class Certification* (*Motion for Extension of Time*).

[5] Dkt. 118, *Memorandum Decision and Order*.

[6] Dkt. 1, *Complaint* ¶¶ 101–28.

[7] *See Motion to Dismiss*.

[8] *Memorandum Decision and Order*.

[9] *See Motion for Class Certification*.

[10] Dkt. 123, *Notice of Intent to Take Interlocutory Appeal*.

[11] *See Motion to Stay*; *Motion for Extension of Time*.

[12] *See* Dkt. 115, *Opposition to Motion to Dismiss Individual Defendants*; Dkt. 121, *Reply Memorandum Supporting Motion to Dismiss*; Dkt. 131, *Plaintiffs' Response to Motion to Stay Proceedings and Motion for Extension of Time to Respond to Motion for Class Certification* (*Response*); Dkt. 132, *Reply Memorandum Supporting Motion to Stay* (*Reply*).

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[13] In determining whether to grant a stay, the court considers: "(1) whether the stay would promote judicial economy; (2) whether the stay would avoid possible inconsistent results; and (3) whether the stay would not work undue hardship or prejudice against the plaintiff."[14]

## ANALYSIS

Defendants move for a stay of proceedings in this court pending resolution of their appeal of the preliminary injunction, "except for the fully briefed and submitted Motion to Dismiss."[15] Defendants argue a partial stay is warranted because a stay: (1) will not prejudice Plaintiffs because the court has already granted Plaintiffs' request for a preliminary injunction;[16] (2) will prevent confusion because the "appeal will provide authoritative guidance" on Plaintiffs' claims;[17] and (3) will promote judicial economy by "clarify[ing] anticipated motion practice and eliminat[ing] the risk of duplicative litigation."[18] Defendants contend the court should not stay the Motion to Dismiss because it is fully briefed, ruling on the Motion does not pose the "risk of

---

[13] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

[14] *Dirtt Env't Sols., Inc. v. Henderson*, No. 1:19-cv-00144-DBB-DBP, 2021 WL 3726604, at *1 (D. Utah Aug. 23, 2021) (quoting *U.S. ex rel. Cache Valley Elec. Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 2:13-cv-01120-DN, 2015 WL 164064, at *3 (D. Utah Jan. 13, 2015)).

[15] *Motion to Stay* at 2.

[16] *Id.* at 4.

[17] *Id.* at 6.

[18] *Id.* at 7.

confusion, inconsistent results, or judicial inefficiency," and an order would resolve uncertainty for the fifteen individual defendants.[19]

While Plaintiffs do not oppose a stay, they ask the court to "stay the case in its entirety" to avoid "a piecemeal stay that allows the Court to resolve only issues advanced by Defendants."[20] In reply, Defendants urge the court to exempt the Motion to Dismiss from the stay but indicate a complete stay is acceptable.[21]

The court agrees with Defendants that the relevant factors counsel toward granting a stay. And because Plaintiffs do not oppose the issuance of a stay, the court will grant it. However, the court finds Defendants' request to stay all proceedings *except* the Motion to Dismiss would prejudice Plaintiffs—Defendants may not use a stay as both a shield and a sword.[22] The court therefore stays all proceedings in this case pending resolution of Defendants' appeal of the preliminary injunction.

---

[19] *Id.* at 8.

[20] *Response* at 2.

[21] *Reply* at 2–3.

[22] *See, e.g.*, *S.C. Coastal Conservation League v. Ross*, No. 2:18-cv-03326-RMG, 2019 WL 259116, at *2 (D.S.C. Jan. 18, 2019) (explaining that "it would be inappropriate" to allow one party "to gain an advantage from a stay" or another party "to be prejudiced by" it) (citing *In re A.H. Robins Co.*, 828 F.2d 1023, 1026 (4th Cir. 1987) ("Our system of law universally frowns on a party who would use the stay as both a sword and a shield.")).

## CONCLUSION

For the reasons stated above, the court GRANTS IN PART Defendants' Motion to Stay.[23] All proceedings in this court are stayed pending resolution of Defendants' appeal of the preliminary injunction. In light of this ruling, the court DENIES without prejudice Defendants' Motion to Dismiss[24] and Plaintiffs' Motion for Class Certification.[25] When the appeal is resolved, should the parties wish to do so, they may refile their Motions in their present form or as revised with the benefit of guidance from the Tenth Circuit. The court also DENIES Defendants' Motion for Extension of Time[26] as moot.

SO ORDERED this 7th day of March, 2025.

BY THE COURT:

_____
ROBERT J. SHELBY
United States Chief District Judge

---

[23] Dkt. 127.

[24] Dkt. 102.

[25] Dkt. 122.

[26] Dkt. 128.